UNITED STATES of America and Internal Revenue Service Officer Dennis Green, Petitioners-Appellees,

v.

Walter H. PUSCH, Respondent-Appellant.

No. 78–3094

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Oct. 17, 1979.

Henry M. Rosenblum, Houston, Tex., for respondent-appellant.

M. Carr Ferguson, Asst. Atty. Gen., Tax Div., Gilbert E. Andrews, Chief, App. Section, Carleton D. Powell, Atty., Aaron P. Rosenfeld, Dept. of Justice, Washington, D. C., for petitioners-appellees.

Before GOLDBERG, RONEY and TJOFLAT, Circuit Judges.

PER CURIAM:

This is an appeal from a district court order enforcing an Internal Revenue Service (IRS) summons issued against Walter H. Pusch. Pusch is the creator and executive director of the Church of the Tolerants (Church), which is the subject of an IRS investigation to determine its potential income tax liability from 1972 to 1975 and its qualification for tax exempt status under I.R.C. § 501(c)(3).[1] Pusch refused to honor the summons and produce Church records, arguing that section 501(c)(3) is unconstitutional because it establishes an income tax exemption for religious organizations in vio-

---

* Fed.R.App.P. 34(a); 5th Cir.R. 18.

1. This provision provides, in pertinent part, that among the institutions immune from taxa-

tion are "[c]orporations, and any community chest, fund, or foundation, organized and operated exclusively for religious . . . purposes . . .."

lation of the establishment clause of the first amendment.[2] However, he did not (and does not in this appeal) contest the procedure or process underlying the issuance of the summons. The IRS brought this action to compel him to tender the records for examination. The court below clearly had the power to order the enforcement of an IRS summons, I.R.C. §§ 7402, 7604, and did so. Pusch's sole contention here is that he need not comply with the order because section 501(c)(3) is unconstitutional.

 The enforceability of the summons is in no way dependent upon the validity of section 501(c)(3). If section 501(c)(3) were unconstitutional, the Church might be subject to income taxation and the summons would be enforceable in order to permit the IRS to determine its tax liability. If, on the other hand, the provision is valid, the IRS must be able to determine the Church's eligibility for tax exemption under section 501(c)(3) through an examination of its records. Since Pusch, who bears the burden of demonstrating that the district court abused its process in this case, *Donaldson v. United States,* 400 U.S. 517, 527, 91 S.Ct. 534, 540, 27 L.Ed.2d 580 (1971); *United States v. Powell,* 379 U.S. 48, 58, 85 S.Ct. 248, 255, 13 L.Ed.2d 112 (1964), has failed to show any reason why this summons should not be enforced, the judgment of the district court must be affirmed.

AFFIRMED.

---

2. U. S. Const. amend. I provides, in part, "Congress shall make no law respecting an establishment of religion . . . ."